**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                                                    **TELEPHONE (605) 224-0560**
BANKRUPTCY JUDGE                                                                          FAX (605) 224-9020

January 6, 2006

John H. Mairose, Esq.
Counsel for Sysco Food Services of Montana, Inc.
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota  57702

Servall Uniform and Linen
Jerry Mehrer, General Manager
410 Fourth Street
Rapid City, South Dakota  57701

       Subject:  *In re Thomas L. and Rebecca S. Lehmann*,
                 Chapter 7, Bankr. No. 05-50830

Dear Mr. Mairose and Mr. Mehrer:

       The matter before the Court is the *Motion for Relief From Automatic Stay and Motion to Compel Abandonment* filed by Sysco Food Services of Montana, Inc., and the letter objection to the *Motion* filed by Servall Uniform and Linen.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the *Motion* will be granted.

       *Summary*.  According to the present record,[1] Thomas L. Lehmann and/or Rebecca S. Lehmann pledged certain property to Sysco Food Services of Montana, Inc. ("Sysco") to secure a debt.  This collateral included the inventory, equipment, supplies, and other related personal property used in Lehmanns' business known as Uncle Tom's Rib Shack.  The Lehmanns ("Debtors") filed a Chapter 7 petition in bankruptcy on October 14, 2005.  On that date, Debtors still owed Sysco $66,707.49.

       On November 17, 2005, Sysco sought by motion relief from the automatic stay so that it could exercise its rights under nonbankruptcy law regarding the collateral. Sysco also wanted the case trustee to abandoned this secured property from the bankruptcy

---

       [1]  Servall did not dispute any of the facts set forth in Sysco's *Motion*.  Thus, an evidentiary hearing was not necessary.

In re Thomas L. and Rebecca S. Lehmann
January 6, 2006
Page 2

estate. It stated that the value of its collateral was less than the amount of its claim against Debtors.

The case trustee did not object to Sysco's *Motion*. Servall Uniform & Linen, a division of Suds & Duds, Inc., ("Servall") however, filed an objection on November 22, 2005. It wanted the Court to deny Sysco's request for relief from the automatic stay. Servall indicated it also had a claim against Debtors and not all of its merchandise had been returned.

*Applicable law - relief from stay*. A creditor may obtain relief from the automatic stay either for "cause" under 11 U.S.C. § 362(d)(1) or if the debtor does not have equity in the subject property and the property is not necessary for an effective reorganization, as provided by 11 U.S.C. § 362(d)(2). The burdens of proof regarding relief from the stay are governed by 11 U.S.C. § 362(g).

Although "cause" for relief under § 362(d)(1) has not been defined within the Bankruptcy Code, it has been interpreted to include "any reason whereby a creditor is receiving less than his bargain from a debtor and is without remedy because of the bankruptcy proceeding." *Martens v. Countrywide Home Loans (In re Martens)*, 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005)(quoting *In re Food Barn Stores, Inc.*, 159 B.R. 264, 266-67 (Bankr. W.D. Mo. 1993)). A creditor seeking relief for cause, including lack of adequate protection, may make a *prima facie* case by

> showing the debtor lacks equity in the property, the value of the property is declining, the property is not adequately maintained, property taxes are not being paid, insurance coverage is inadequate, or other facts evidencing a lack of adequate protection. *In re Briggs Transp. Co.*, 780 F.2d [1339, 1349 (8th Cir. 1985)]; *In re Planned Systems, Inc.*, 78 B.R. at 860; *In re Brown*, 78 B.R. 499, 503 (Bankr. S.D. Ohio 1987).

*Minn-Kota Farm Agency, Inc. v. Home Federal Savings and Loan Association*, 978 F.2d 1264 (table), slip op. at 1 (8th Cir. Nov. 11, 1992). If the creditor makes that *prima facie showing*, the debtor must go forward and show adequate protection. *Id.*

Under § 362(d)(2), relief from the stay may be granted if the estate does not have any equity in the subject property. *In re Sanabria*, 317 B.R. 59, 61 (B.A.P. 8th Cir. 2004).

In re Thomas L. and Rebecca S. Lehmann
January 6, 2006
Page 3

>The test for determining equity under the first part of § 362(d)(2) involves a comparison between the total liens against the property and the property's current value. *Nantucket Investors II v. California Federal Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 206 (3rd Cir. 1995). All encumbrances are totaled to determine equity whether or not all lienholders have requested relief from the stay. *Id.* at 207.

*Bowman v. Bond (In re Bowman)*, 253 B.R. 233, 238 (B.A.P. 8th Cir. 2000). If the movant shows there is no equity, the debtor must then show that the property is necessary for an effective reorganization. *Id.* That element is not applicable when relief is sought in a Chapter 7 case since there is no reorganization taking place. *Sanabria*, 317 B.R. at 61-62.

*Abandonment of estate property.* Property may be abandoned from the bankruptcy estate in one of three ways: upon notice by the case trustee, 11 U.S.C. § 554(a), upon motion by a party in interest and order, 11 U.S.C. § 554(b), or upon closing. 11 U.S.C. § 554(c). Property may be abandoned only if it is (1) burdensome to the estate or (2) of inconsequential value to the estate. 11 U.S.C. § 554(a). The proponent of the abandonment, whether the trustee or a party in interest, has the burden of proof. *Alexander v. Jensen (In re Alexander)*, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003). To meet this burden, the proponent should ascertain the property's fair market value and the amount and validity of any outstanding liens against it. *Id.*; *In re Dice*, Bankr. No. 1997 WL 1125702, slip op. at 2 (Bankr. D.S.D. April 2, 1997)(citing *New Jersey Department of Environmental Protection v. National Smelting of New Jersey, Inc. (In re National Smelting of New Jersey, Inc.)*, 49 B.R. 1012, 1014 (Bankr. D. Colo. 1985)(cited in *McGahren v. First Citizens Bank & Trust Co. (In re Weiss)*, 111 F.3d 1159, 1167 (4th Cir. 1997))).

*Discussion.* In this case, it is undisputed that the debt owed to Sysco exceeds the value of the restaurant-related collateral pledged to Sysco and that Sysco holds a perfected security interest. Accordingly, there is no equity for the bankruptcy estate, and relief from the stay is directed by § 362(d)(2). Further, since the collateral holds no value for the bankruptcy estate, abandonment by the case trustee under § 554(b) is also warranted. Sysco is thus entitled to both relief from the automatic stay and abandonment of the subject property.

In re Thomas L. and Rebecca S. Lehmann
January 6, 2006
Page 4

    Servall has raised a valid concern, however, regarding any of its property interests. If Servall has rented any linens or other personal property to Debtors, those rented items should be returned to Servall since Trustee Dennis C. Whetzal has not assumed any rental agreements under 11 U.S.C. § 365. Accordingly, the Court asks that counsel for Sysco and Trustee Whetzal work with Servall's representatives to insure any Servall rental property is not inadvertently mixed with the property that will be returned to Sysco.

    If Servall holds a security interest in some estate property, it may also seek relief from the automatic stay and abandonment, as may be appropriate. If Servall claims a security interest in the same restaurant-related collateral of Sysco, the state court can straighten out those interests following entry of this Court's relief from stay and abandonment order.

    An order will be entered granting Sysco's *Motion*.

                                              Sincerely,

                                              Irvin N. Hoyt
                                              Bankruptcy Judge

INH:sh

CC: case file (docket original and serve parties in interest)

---

I hereby certify that a copy of this document was mailed, hand delivered, or faxed this date to the parties on the attached service list.

JAN 0 6 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By _____

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JAN 0 6 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Rebecca S Lehmann
4022 Sunset Drive
Rapid City, SD 57702

Thomas L. Lehmann
4022 Sunset Drive
Rapid City, SD 57702

Servall Uniform and Linen
410 Fourth Street
Rapid City, SD 57701